1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   MARIA ADELINA HUITRON                    No.  2:22-cv-2104 DB
     REGALADO,
12

13              Plaintiff,

14       v.                                   ORDER

15   ANTONY BLINKEN, Secretary, United
     States Department of State, et al.,
16

17              Defendants.

18

19        Plaintiff Maria Adelina Huitron Regalado commenced this action through counsel on

20   September 6, 2022, by filing a complaint and paying the applicable filing fee.[1]  (ECF No. 1.)  On

21   January 25, 2023, the matter was reassigned to the undersigned pursuant to the parties' consent to

22   Magistrate Judge jurisdiction under 28 U.S.C. § 636(c)(1).  (ECF No. 27.)  Pending before the

23   court is defendants' partial motion to dismiss pursuant to Rule 12(b)(1), and in the alternative

24   Rule 12(b)(6), of the Federal Rules of Civil Procedure.  (ECF No. 26.)  For the reasons stated

25   below, defendants' partial motion to dismiss is granted.

26   ////

27   _____

28   [1] This matter was filed in the United States District Court for the Northern District of California
     and transferred to this court on November 10, 2022.  (ECF No. 16.)

                                                    1

1

**BACKGROUND**

2      Plaintiff is proceeding on an amended complaint filed on November 29, 2022.  (ECF No.

3 21.)  Therein, plaintiff alleges that she "was born on a ranch in Santa Maria, California on August

4 28, 1956."  (Am. Compl. (ECF No. 21) at 4.[2])  "When she was still an infant, she was brought . . .

5 to Mexico[.]"  (Id.)  Plaintiff moved to the United States in 1992.  (Id. at 5.)  Once in the United

6 States plaintiff "tracked down the midwife who was present at the time of her birth[.]"  (Id.)

7      Presented with this evidence, on August 29, 2000, a state court judge found that plaintiff

8 "had been born in Santa Maria, California."  (Id.)  A second judge reached the same finding on

9 January 26, 2001.  (Id.)  On December 3, 2001, plaintiff "was issued a Court order Delayed

10 Registration of Birth by California's Department of Public Health."  (Id.)  Plaintiff later obtained

11 a Social Security Card and California driver's license.  (Id.)

12      Thereafter, plaintiff applied for a U.S. passport, an endeavor that has lasted approximately

13 15 years.  (Id. at 6.)  Plaintiff's most recent application was filed on February 1, 2021, with the

14 San Francisco Passport Agency ("SFPA").  (Id.)  On March 1, 2021, the SFPA requested more

15 evidence.  (Id.)  On September 22, 2021, plaintiff "met with agents of the United States

16 Diplomatic Security Service[.]"  (Id.)  The agents asserted that "they had discovered a birth

17 certificate showing [plaintiff] had been born in Mexico" but have "declined to provide" a copy of

18 this document.  (Id.)  On April 29, 2022, the SFPA denied plaintiff's application for a passport,

19 concluding "the evidence received is not sufficient to establish" that plaintiff had been born in the

20 United States.  (Id.)

21      Pursuant to these allegations, the amended complaint seeks relief pursuant to 8 U.S.C. §

22 1503(a), and the Administrative Procedures Act, ("APA"), pursuant to sections 5 U.S.C. 702 and

23 5 U.S.C. 704.  (Id. 4.)  Named as defendants are Antony Blinken as Secretary of the United States

24 Department of State, Pamela Hack as Director of the SFPA, the Department of State ("DOS"), the

25 SFPA, the Bureau of Diplomatic Security, and the U.S. Diplomatic Security Service ("DSS").

26 (Id. at 3.)  On January 23, 2023, defendants filed an answer and a partial motion to dismiss.  (ECF

27

28

---

[2] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

1    Nos. 25 & 26.)  Plaintiff filed an opposition on February 9, 2023.  (ECF No. 28.)  Defendants

2    filed a reply on February 21, 2023.  (ECF No. 29.)  Defendants' motion was taken under

3    submission on February 27, 2023.  (ECF No. 30.)

4                                                    **STANDARDS**

5    **I.       Legal Standards Applicable to Motions to Dismiss Pursuant to Rule 12(b)(1)**

6            Federal Rule of Civil Procedure 12(b)(1) allows a defendant to raise the defense, by

7    motion, that the court lacks jurisdiction over the subject matter of an entire action or of specific

8    claims alleged in the action.  "A motion to dismiss for lack of subject matter jurisdiction may

9    either attack the allegations of the complaint or may be made as a 'speaking motion' attacking the

10   existence of subject matter jurisdiction in fact."  Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp.,

11   594 F.2d 730, 733 (9th Cir. 1979).

12           When a party brings a facial attack to subject matter jurisdiction, that party contends that

13   the allegations of jurisdiction contained in the complaint are insufficient on their face to

14   demonstrate the existence of jurisdiction.  Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039

15   (9th Cir. 2004).  In a Rule 12(b)(1) motion of this type, the plaintiff is entitled to safeguards

16   similar to those applicable when a Rule 12(b)(6) motion is made.  See Sea Vessel Inc. v. Reyes,

17   23 F.3d 345, 347 (11th Cir. 1994); Osborn v. United States, 918 F.2d 724, 729 n. 6 (8th Cir.

18   1990).  The factual allegations of the complaint are presumed to be true, and the motion is granted

19   only if the plaintiff fails to allege an element necessary for subject matter jurisdiction.  Savage v.

20   Glendale Union High Sch. Dist. No. 205, 343 F.3d 1036, 1039 n. 1 (9th Cir. 2003); Miranda v.

21   Reno, 238 F.3d 1156, 1157 n. 1 (9th Cir. 2001).  Nonetheless, district courts "may review

22   evidence beyond the complaint without converting the motion to dismiss into a motion for

23   summary judgment" when resolving a facial attack.  Safe Air for Everyone, 373 F.3d at 1039.

24           When a Rule 12(b)(1) motion attacks the existence of subject matter jurisdiction, no

25   presumption of truthfulness attaches to the plaintiff's allegations.  Thornhill Publ'g Co., 594 F.2d

26   at 733.  "[T]he district court is not restricted to the face of the pleadings, but may review any

27   evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of

28   jurisdiction."  McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988).  When a Rule

                                                        3

1   12(b)(1) motion attacks the existence of subject matter jurisdiction in fact, plaintiff has the burden

2   of establishing that such jurisdiction does in fact exist.  Thornhill Publ'g Co., 594 F.2d at 733.

3   **II.      Legal Standards Applicable to Motions to Dismiss Pursuant to Rule 12(b)(6)**

4         The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal

5   sufficiency of the complaint.  N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir.

6   1983).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of

7   sufficient facts alleged under a cognizable legal theory."  Balistreri v. Pacifica Police Dep't, 901

8   F.2d 696, 699 (9th Cir. 1990).  A plaintiff is required to allege "enough facts to state a claim to

9   relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A

10  claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

11  the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v.

12  Iqbal, 556 U.S. 662, 678 (2009).

13        In determining whether a complaint states a claim on which relief may be granted, the

14  court accepts as true the allegations in the complaint and construes the allegations in the light

15  most favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v.

16  United States, 915 F.2d 1242, 1245 (9th Cir. 1989).  In general, pro se complaints are held to less

17  stringent standards than formal pleadings drafted by lawyers.  Haines v. Kerner, 404 U.S. 519,

18  520-21 (1972).  However, the court need not assume the truth of legal conclusions cast in the

19  form of factual allegations.  United States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th

20  Cir. 1986).  While Rule 8(a) does not require detailed factual allegations, "it demands more than

21  an unadorned, the defendant-unlawfully-harmed-me accusation."  Iqbal, 556 U.S. at 678.  A

22  pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the

23  elements of a cause of action."  Twombly, 550 U.S. at 555; see also Iqbal, 556 U.S. at 676

24  ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory

25  statements, do not suffice.").  Moreover, it is inappropriate to assume that the plaintiff "can prove

26  facts which it has not alleged or that the defendants have violated the . . . laws in ways that have

27  not been alleged."  Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters,

28  459 U.S. 519, 526 (1983).

1    In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), the court is permitted

2    to consider material which is properly submitted as part of the complaint, documents that are not

3    physically attached to the complaint if their authenticity is not contested and the plaintiff's

4    complaint necessarily relies on them, and matters of public record.  Lee v. City of Los Angeles,

5    250 F.3d 668, 688-89 (9th Cir. 2001).

6                                                        **ANALYSIS**

7    Defendants' partial motion to dismiss argues that the amended complaint's request for

8    injunctive relief is barred by the language of 8 U.S.C. § 1503(a), and that the only proper

9    defendant in this action is Secretary Blinken.  (Defs.' MTD (ECF No. 26) at 8.)  Those arguments

10   are supported by legal authority.  See Garcia v. Limon, Civil Action No. 1:19-cv-120, 2019 WL

11   7494398, at *6 (S.D. Tex. Nov. 4, 2019) ("the only proper defendant is the head of the agency");

12   Martinez v. Limon, Civil Action No. 1:17-cv-0238, 2018 WL 11274054, at *2-3 (S.D. Tex. Apr.

13   10, 2018) ("The statute authorizes suit only against the head of a department or agency and not

14   the United States . . . . The plain language of Section 1503(a) also bars Plaintiffs' request for

15   injunctive relief."); Guajardo v. Kerry, Civil Action No. SA-13-CA-608-FB, 2014 WL 12538142,

16   at *1 (W.D. Tex. May 2, 2014) ("an injunction would effectively provide plaintiff with relief

17   beyond what the statute authorizes").

18   And plaintiff has not opposed defendants' motion with respect to these arguments.  (Pl.'s

19   Opp.'n (ECF No. 28) at 1-6).  Accordingly, defendants' partial motion to dismiss will be granted

20   with respect to these arguments.  See generally Vasquez v. Pompeo, 467 F.Supp.3d 466, 475

21   (S.D. Tex. 2020) ("Absent argument or authority to the contrary, the Court accepts that it lacks

22   jurisdiction under § 1503(a) to entertain Plaintiff's request for injunctive relief.").

23   Defendants' partial motion to dismiss also argues that the court lacks jurisdiction over the

24   amended complaint's APA claim because 8 U.S.C. § 1503(a) provides plaintiff an adequate

25   remedy in this court.  (Defs.' MTD (ECF No. 26) at 7.)  In this regard, "[t]he APA expressly

26   declares itself to be a comprehensive remedial scheme" providing a "person suffering legal wrong

27   because of agency action . . . judicial review[.]"  Western Radio Services Co. v. U.S. Forest

28   Service, 578 F.3d 1116, 1122 (9th Cir. 2009) (quoting 5 U.S.C. § 702).  However, where "a

1    plaintiff can bring suit against the responsible federal agencies under" another statute a plaintiff

2    may not maintain an APA claim because there is another adequate remedy available to the

3    plaintiff.  Brem-Air Disposal v. Cohen, 156 F.3d 1002, 1005 (9th Cir. 1998); see also City of

4    Oakland v. Lynch, 798 F.3d 1159, 1166-67 (9th Cir. 2015) (APA claim barred where "there is

5    another adequate remedy—the forfeiture action").  8 U.S.C. § 1503(a) provides that:

6
> If any person who is within the United States claims a right or
> privilege as a national of the United States and is denied such right
7    > or privilege by any department or independent agency, or official
> thereof, upon the ground that he is not a national of the United States,
8    > such person may institute an action . . . . in the district court of the
> United States for the district in which such person resides[.]
9

10    "[C]ourts have repeatedly dismissed APA claims challenging the denial of a passport

11    application or a passport revocation on grounds that the holder is not a U.S. national" because the

12    relief sought by the plaintiff "may be directly sought through 8 U.S.C. § 1503(a)."  Villarreal v.

13    Horn, 203 F.Supp.3d 765, 773 (S.D. Tex. 2016); see also Moncada v. Pompeo, Case No. 2:19-cv-

14    1293 AB AGRx, 2020 WL 1079301, at *3 (C.D. Cal. Feb. 3, 2020) ("Plaintiff alleges that the

15    revocation of his passport by the U.S. Department of State constituted arbitrary or capricious

16    government action that is prohibited by the APA.  However, as Defendant correctly argues, 8

17    U.S.C. § 1503(a) provides an adequate remedy in court."); Dvash-Banks v. Pompeo, Case No.

18    CV 18-523-JFW (JCx), 2019 WL 911799, at *5 (C.D. Cal. Feb. 21, 2019) ("Where an applicant

19    challenges the State Department's denial of a right or privilege of U.S. citizenship on the basis

20    that the plaintiff is not a U.S. citizen, courts have consistently concluded that Section 1503(a)

21    offers an adequate alternative remedy to APA review."); Alsaidi v. United States Department of

22    State, 292 F.Supp.3d 320, 327 (D. D.C. 2018) ("To renew her passport, plaintiff will require

23    proof of citizenship, and under 8 U.S.C. § 1503(a), she may accomplish this directly through de

24    novo review in the federal district court where she resides (i.e., the Northern District of

25    California).  This constitutes an adequate alternative remedy to achieve plaintiff's desired

26    relief.").

27    Plaintiff opposes defendants' motion to dismiss by relying on Saleh v. Pompeo, 393

28    F.Supp.3d 172 (E.D. N.Y. 2019), for the proposition that plaintiff may maintain an APA claim

6

1   because defendants allegedly "abused their discretion" and "made no finding of non-citizenship."

2   (Pl.'s Opp.'n (ECF No. 28) at 4.)  In Saleh, the plaintiff alleged that the government violated the

3   APA "by revoking his passport arbitrarily and capriciously."  393 F.Supp.3d at 172.  The court

4   adopted findings and recommendations finding that the plaintiff had set forth plausible facts to

5   demonstrate "that his passport was issued in error, entitling Mr. Saleh to APA review."  (Id. at

6   181.)

7        The court in Saleh, however, noted that there were "crucial differences" distinguishing the

8   case from other actions, "[f]irst and foremost," that "Saleh's passport was explicitly revoked"

9   based on a finding that the passport was obtained illegally, fraudulently, or erroneously.  (Id. at

10  180 (emphasis in original)).  "Second, Saleh was offered an administrative hearing[.]"  (Id.)

11  Here, this action does not concern the revocation of a passport.  There are no allegations related to

12  illegality, fraud, or error.  Nor are there allegations, or evidence, establishing that plaintiff was

13  offered an administrative hearing.

14       Instead, the amended complaint alleges that plaintiff was born in the United States, lives

15  in the United States, and seeks "an order compelling the San Francisco Passport Agency to issue

16  her a United States passport because she is a United States citizen[.]"  (Am. Compl. (ECF No. 21)

17  at 2-3.)  A person located in the United States, claiming to be a United States citizen, and seeking

18  a passport "is exactly the relief provided for by 8 U.S.C. § 1503."  Esparza v. Clinton, No. 6:12-

19  cv-925-AA, 2012 WL 6738281, at *1 (D. Or. Dec. 21, 2012); see also Hassan v. Holder, 793

20  F.Supp.2d 440, 446 (D. D.C. 2011) ("Thus, section 1503(a) provides an adequate alternative

21  remedy.").  Defendants' partial motion to dismiss plaintiff's APA claim, therefore, will also be

22  granted.

23  **II.     Further Leave to Amend**

24       The court has carefully considered whether plaintiff may further amend the complaint to

25  correct the deficiencies noted above.  "Valid reasons for denying leave to amend include undue

26  delay, bad faith, prejudice, and futility."  California Architectural Bldg. Prod. v. Franciscan

27  Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath

28  Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall

1   be freely given, the court does not have to allow futile amendments).  Here, the court finds that

2   granting plaintiff further leave to amend would be futile.

3                                              **CONCLUSION**

4          Accordingly, IT IS HEREBY ORDERED that:

5          1.  Defendants' January 23, 2023 partial motion to dismiss (ECF No. 26) is granted;

6          2.  The amended complaint's APA claim and request for injunctive relief are dismissed;

7          3.  Defendants Pamela Hack, the United States Department of State, the San Francisco

8   Passport Agency, the Bureau of Diplomatic Security, and the United States Diplomatic Security

9   Service are dismissed;

10         4.  A Status (Pretrial Scheduling) Conference is set for **Friday, September 1, 2023, at**

11  **10:00 a.m**., at the United States District Court, 501 I Street, Sacramento, California, in

12  Courtroom No. 27, before the undersigned;[3]

13         5.  Plaintiff shall file and serve a status report on or before **August 18, 2023**, and

14  defendant shall file and serve a status report on or before **August 25, 2023**.  Each party's status

15  report shall address all of the following matters:

16              a.      Progress of service of process;

17              b.      Possible joinder of additional parties;

18              c.      Possible amendment of the pleadings;

19              d.      Jurisdiction and venue;

20  _____

21  [3] Parties shall appear at the Status Conference either telephonically or over video conference
    through the Zoom application (which is free and must be downloaded to your computer or mobile
22  device prior to the hearing).  Parties proceeding in propria persona, on his or her own behalf, shall
    contact Shelly Her, the courtroom deputy of the undersigned magistrate judge at (916) 930-4128,
23  no sooner than 4 days prior to the noticed or continued hearing date but no later than 48 hours
    prior to the hearing, to arrange their appearance either telephonically or over video conference.
24  Counsel will receive an email containing the necessary appearance information and must notify
    the courtroom deputy no later than 48 hours prior to the hearing to elect to appear either
25  telephonically or over video conference.  The Zoom ID Number and password are confidential
    and are not to be given to anyone.  Persons granted remote access to these proceedings, whether
26  by Zoom or by telephone, are reminded of the general prohibition against photographing,
    recording, and rebroadcasting of court proceedings.  Violation of these prohibitions may result in
27  sanctions, restricted entry to future hearings, denial of entry to future hearings, or any other
    sanctions deemed necessary by the court.
28

                                                    8

e.    Anticipated motions and the scheduling thereof;

f.    Anticipated discovery and the scheduling thereof, including disclosure of expert witnesses;

g.    Future proceedings, including the setting of appropriate cut-off dates for discovery and for law and motion, and the scheduling of a final pretrial conference and trial;

h.    Modification of standard pretrial procedures specified by the rules due to the relative simplicity or complexity of the action;

i.    Whether the case is related to any other case, including matters in bankruptcy;

j.    Whether the parties will stipulate to the magistrate judge assigned to this matter acting as settlement judge, waiving any disqualification by virtue of her so acting, or whether they prefer to have a Settlement Conference before another magistrate judge; and

k.    Any other matters that may aid in the just and expeditious disposition of this action.

    6. The parties are cautioned that failure to file a status report or failure to appear at the status conference may result in an order imposing an appropriate sanction. See Local Rules 110 and 183.

Dated:  June 24, 2023

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.consent/regalado2104.mtd.ord